CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 10 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAIME ACEVEDO, ) | |
|     Plaintiff, ) | Civil Action No. 7:01-cv-00752 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JAMES S. GILMORE, III, (dismissed), ) | |
| et al., ) | By: Hon. James C. Turk |
|     Defendants. ) | Senior United States District Judge |

This matter is before the court upon two motions for summary judgment to which plaintiff has responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the medical defendants' motion for summary judgment (Dkt. No. 238) must be denied,[1] but that the security defendants' motion for summary judgment (Dkt. No. must be granted in part.[2] Further, the court will set the matter for trial before two separate juries on consecutive days, directing that the claims arising from events at Red Onion State Prison (ROSP) be tried separately from those claims arising from events at Wallens Ridge State Prison (WRSP).

## I. Medical Defendants' Renewed Motion for Summary Judgment

In his amended complaint, Acevedo alleged that in from May 23 through 27, 2001, just after his transfer to ROSP, he cut his gums on a piece of metal from the water faucet in his cell and the wound became infected. The wound allegedly caused him so much pain that he could

---

[1] The medical defendants are Ruvonda Moorefield, Lisa Yates, and Leslie Baker.

[2] The security defendants are Officers J. Brown, Fleenor, S. Fleming, A. Gallihar, R. Goins, M. Hamilton, J. Head, I. Hockett, W. Kelly, T. Meyer, E. Salyers, Schlobohm, Short, C. Stanley, T. Yates, and Stan K. Young.

1

not eat or sleep for four days. Although he allegedly made verbal and written requests to various nurses for help and filed emergency grievances about the problem, he did not receive a medical examination or any medical treatment in a timely manner and suffered severe pain for four days. By opinion and order entered April 13, 2004, the court denied summary judgment on this claim of deliberate indifference to a serious medical need as to Nurses Leslie Baker, Ruvonda Moorefield and Lisa Yates, and security officer S. Fleming, and set the matter for a jury trial. On October 18, 2004, counsel for Baker, Moorefield and Yates filed a second motion for summary judgment. This motion relied on evidence that Acevedo's emergency grievances had not alerted the nurses to the seriousness of his gum problem. Acevedo responded to defendants' motion with his own affidavit, stating that he had also informed these defendants of his gum problem in face-to-face meetings before filing his emergency grievances. This affidavit did not directly contradict the allegations in the amended complaint (that the defendants did not come to evaluate his medical need in response to the emergency grievances) and was an appropriate response to a motion for summary judgment. See Fed. R. Civ. P. 56(e). Defendants then filed additional evidence that security logs did not indicate that the defendants entered Acevedo's housing area during the times when he allegedly showed them his injury. Acevedo responded to this evidence with his affidavit stating from personal knowledge that nurses do not always sign the security logs (although a Post Rule requires them to do so) and with the allegation that he has two witnesses besides himself who would testify that the defendants did come to the housing unit at the times in question.

  The court concludes that defendants' motion must be denied. As demonstrated in the preceding summary of the parties' evidence, genuine issues of material fact remain in dispute for

2

trial, including, but not limited to, the extent of Acevedo's injury and pain on May 23 through 27, 2001, and whether these defendants at any time had actual knowledge of Acevedo's serious need for medical treatment. Based on the foregoing, the court will deny the medical defendants' second motion for summary judgment.

## II. Security Defendants' Supplemental Motion

In the April 2004 opinion and order, the court denied summary judgment as to the following claims arising from the alleged events of November 27, 2000 at WRSP:

i. Deliberate indifference to the danger of OC gas to innocent bystander inmates by S. Young, Maj. T. Yates, Sgt. Head, Capt. Hockett, Lt. Meyers, C/O Brown, C/O M. Hamilton, C/O E. Salyers, C/O Stanley and Lt. Gallihar;

ii. Race discrimination in selecting only African-American inmates for placement in five-point restraints, by S. Young, Maj. T. Yates, Sgt. Head, Capt. Hockett, Lt. Meyers, C/O Brown, C/O M. Hamilton, C/O E. Salyers, C/O Stanley and Lt. Gallihar; and

iii. Use of excessive force in the form of five-point restraints for a 48-hour period by S. Young, Maj. T. Yates, Sgt. Head, Capt. Hockett, Lt. Meyers, C/O Brown, C/O M. Hamilton, C/O E. Salyers, C/O Stanley, Lt. Gallihar, Goins, and Kelly.

After setting these matters for trial, the court appointed counsel to represent Acevedo, pro bono. Shortly before the November 4, 2004, rescheduled trial date, Acevedo filed a motion to dismiss counsel, and his attorney concurred in the motion. The court dismissed counsel, cancelled the trial date, and then determined that before rescheduling the matter for trial, the court would require the security defendants to submit a supplemental motion for summary judgment, supported by affidavits, on the following issues:

a. the alleged use of OC gas on another inmate (Kevin Johnson) in Acevedo's cell block on November 27, 2000, the amount of gas used, efforts made to avoid allowing the gas to affect other inmates, and the effects OC gas has on person sprayed or person exposed to it second-hand;

3

b.  the policy regarding each defendant's authority (or lack of authority) to decontaminate a cell block after OC gas has been used on one inmate, to ensure that other inmates are not negatively affected;

c.  the responsibilities of individual officers involved in the application of five-point restraints to Acevedo on November 27, 2000; and

d.  the manner in which it is determined that an inmate in five-point restraints is no longer a threat such that he may be released and the officer(s) involved in making and carrying out this decision.

The court has express authority to require defendants in prisoner civil rights actions to file motions for summary judgment, pursuant to Rule 83(b) of the Federal Rules of Civil Procedure and the Standing Order of the Court issued May 3, 1996. Defendants submitted their supplemental motion for summary judgment on December 3, 2004. The court notified plaintiff of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned plaintiff that judgment might be granted for the defendants if he did not respond to the motion by filing affidavits or other documents contradicting the government's evidence or otherwise explaining his claims. The plaintiff responded that prison officials had confiscated documents from the case file that he needed in order to respond to defendants' motion. The defendants certified to the court that they did not have plaintiff's documents. The court then provided plaintiff with photocopies of numerous documents from the case file, pertinent to the issues addressed in the defendants' current motions and granted plaintiff until April 11, 2005, to file his final responses to defendants' motion. Acevedo asserts that the court did not provide him with nearly all the materials that he believed necessary for a complete response; however, the court has referred to these materials in considering the defendants' motions. Moreover, contrary to Acevedo's fears, the court is not revisiting all the issues on which the court previously denied

4

summary judgment. Rather, the court found it necessary to request additional evidence in order to evaluate the individual liability of each security defendant before rescheduling the case for trial.

The court previously denied summary judgment for all the listed defendants because plaintiff alleged that each of them was present on November 27, 2000, participated in the OC gas spraying or failed to decontaminate all the inmates affected by the OC gas, participated in the decision to select only Africa-American inmates for placement in five-point restraints, including Acevedo, when white inmates were also kicking their cell doors, and participated in authorizing or placing Acevedo in five-point restraints. Through requiring the supplemental motion from defendants, the court sought to determine more specifically which officers could be held liable in each of Acevedo's remaining claims.

To satisfy the subjective element of a conditions claim, plaintiff must show that the defendant officials acted with deliberate indifference toward the risk of harm—that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew this inference, and disregarded the risk by failing to take "reasonable measures" to alleviate the risk . Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). To prevail on his claim of excessive force, plaintiff must show, objectively, that the use of force was contrary to contemporary standards of decency and/or that he suffered more than de minimis pain or injury. Hudson v. McMillian, 503 U.S. 1, 7, 9 (1992). He must also meet the subjective component and show that the force was applied "maliciously and sadistically for the purpose of causing harm" and not "in a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320-21 (1986); see Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.

1996).

Subordinate officials may not escape liability under §1983 for their participation in unconstitutional conduct by arguing merely that they were merely following the orders of their superior officers. See Thaddeus-X v. Blatter, 175 F.3d 378, 393 (6th Cir. 1999). On the other hand, use of OC gas and five-point restraints to control inmates who pose a security threat does not, per se, violate the Eighth Amendment. Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996) (use of mace on inmates confined in their cells and restraining inmates to a bed are not, per se, cruel and unusual punishment). Moreover, defendant officers cannot be held liable for violations that they had no meaningful authority or opportunity to prevent or alleviate. See Smith v. Berry, 985 F.2d 180, 184 (4th Cir. 1993)(affirming directed verdict for prison guards not in position to "act meaningfully" with regard to inmate's medical needs).

The court has carefully considered the individual affidavits of the defendants, their other evidence, and plaintiff's recent responses as well as his previously submitted complaints, amendments, exhibits and responses. On this record, the court concludes that certain defendants are entitled to summary judgment as a matter of law on the grounds that under the circumstances, their actions were not per se unconstitutional and they did not have meaningful opportunity to challenge the allegedly unconstitutional decisions of their superiors.

**A. OC Spray**

It is undisputed that Major Yates authorized the use of OC spray against Inmate Kevin Johnson on November 27, 2000, after Johnson barricaded himself in his cell. It is also undisputed that Sgt. Head applied the OC spray to Johnson, and if he applied an excessive amount as alleged, fact finders could reasonably determine that he and Yates knew the OC gas

6

posed a serious risk of harm to other inmates that they should have alleviated. Defendants state that Warden Young arrived on the scene after application of the OC spray, while Acevedo alleges that the warden arrived earlier and supervised the entire operation. Given this dispute of fact, the court will also deny summary judgment for the warden. Defendants state that the policy regarding application of OC spray requires decontamination and does not assign this responsibility to any particular officer. The court finds, however, that in the presence the Warden and the major as ranking officers and Head as the officer who applied the spray, the other officers and subordinates on the scene could rightfully rely on these ranking officers to order decontamination if it was appropriate, given the nature of the OC spray application. Further, the other officers and subordinates had no meaningful opportunity to challenge the actions (or lack of action) by the Warden and the major. Thus, the court concludes that those officers not involved in the authorization or application of the spray are entitled to summary judgment as to this claim.

Defendants argue that the court should grant summary judgment for all defendants as to Acevedo's OC spray claim. They offer evidence that Head did not apply an excessive amount of gas and that the spray type and application mechanism minimized the vaporization of the substance and the chance for cross-contamination of other inmates. Nevertheless, taking the evidence (including Acevedo's affidavits) in the light most favorable to the nonmovant, the court finds genuine issues of material fact in dispute. Acevedo alleges facts upon which, if proven, a reasonable fact finder could determine that Head sprayed an excessive amount of gas on Johnson in reckless disregard of the chance that it would be spread to other inmates through the unit's ventilation system; that he, Young and Yates failed to ensure that staff took the required steps of

7

decontaminating the unit with exhaust fans and providing medical attention for other inmates who complained they had ben affected by the spray; and that Acevedo suffered great pain as a result of contamination from OC spray entering his cell through the ventilation system. In accordance with the foregoing, the court will deny the motion for summary judgment as to Young, Yates and Head on this claim, but will grant summary judgment as to this claim on behalf of all other officers named: Hockett, Meyers, Brown, Hamilton, Salyers, Stanley and Gallihar.

### B. Five-point Restraints as Race Discrimination

Evidence establishes that only Warden Young and Major Yates as Administrative Duty Officer had authority to order that Acevedo be placed in five-point restraints for up to 48 hours, that they were both present at the scene on November 27, 2000, and that the warden ordered restraints for Acevedo. The lower ranking officers carried out the order for restraints by removing Acevedo from his cell, escorting him to the restraint cell, placing him on the restraint bed, holding an electronic shield over him, or applying the restraints to his limbs and chest. However, none of these actions is per se unconstitutional, and the lower ranking officers had no meaningful opportunity to challenge the decisions of their superiors that placing Acevedo in the restraints was appropriate. Accordingly, the court will deny summary judgment for Young and Yates on the race discrimination claim, but will grant summary judgment for all other officers named in this claim: Head, Hockett, Meyers, Brown, Hamilton, Salyers, Stanley, and Gallihar.

### C. Five-Point Restraints as Excessive Force

This claim alleges a two-part constitutional violation: (1) that the initial decision to place Acevedo in restraints constituted excessive force as he was not a threat and (2) that the failure to

release him within a few hours was excessive force, as he did not offer any signs of resistence when released for breaks. The court will deny summary judgment for Young and Yates as to Part (1) of this claim and grant summary judgment for all other officers on the same grounds as those invoked in addressing Acevedo's race discrimination claim.

Defendants offer evidence that only Young or Yates as administrative duty officer had authority to order Acevedo released from five-point restraints. The record does not reflect that these two officers took any specific action to ensure that Acevedo was released as soon as he was no longer a security threat.[3] Indeed, Acevedo alleges that an officer informed him that he would be restrained for entire 48 hours authorized. Finding genuine issues in dispute, the court denies summary judgment as to Young and Yates as to Acevedo's claim that it was excessive force to maintain him in restraints for nearly two days.

The court will grant summary judgment as to the remaining officers to this claim, however. It is undisputed only the warden or the Administrative Duty Officer (Yates, in this case) could order an inmate's release from five-point restraints, that these officers also had authority to maintain an inmate in restraints for up to 48 hours, and that other officers believed Acevedo would remain in restraints for the entire period. Moreover, Acevedo does not allege any specific facts indicating that any of the lower-ranking defendants knew that he could recommend Acevedo's release in less than 48 hours, contrary to superior's orders.

---

[3]The defendants argue that prison administrators should be allowed discretion to determine when an inmate no longer poses a threat. Such discretion, however, is clearly not unfettered, as the United States Court of Appeals for the Fourth Circuit has opined that even eight hours in four-point restraints may be too long to restrain an inmate without specific evidence of a continuing threat. Williams, 77 F.3d at 766-67.

9

### III. Conclusion

Upon review of the record, the court will deny the medical defendants' second motion for summary judgment. The court will grant the security defendants' supplemental motion for summary judgment in part and deny it in part. Furthermore, the court will sever the Wallens Ridge State Prison claims from the Red Onion State Prison claims and schedule the two sets of claims for separate jury trials on consecutive days in the court's Big Stone Gap Division, as all claims arose within that division. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 10th day of May, 2005.

/s/ James C. Turk
Senior United States District Judge